UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CRIMINAL ACTION NO. 07-17-DLB-1

UNITED STATES OF AMERICA,                                          PLAINTIFF,

V.                          **MAGISTRATE JUDGE'S REPORT
                              & RECOMMENDATION**

DAVID M. WALKER,                                                   DEFENDANT.

I. INTRODUCTION

Defendant, David M. Walker, brings this action pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence in Ashland Criminal Action No. 07-17-DLB. [R. 24]. The United States moves to dismiss the § 2255 petition. [R. 29]. Consistent with local practice, the matter is before the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the Court will recommend that Walker's Motion to Vacate, Set Aside, or Correct Sentence [R. 24] be denied, and the Government's Motion to Dismiss [R. 29] be granted.

II.  PROCEDURAL HISTORY

On October 4, 2007, Walker was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He pled guilty to that offense on November 26, 2007 [R. 9], and was sentenced to sixty-six (66) months of imprisonment. [see R. 21 at 2].

On March 9, 2009, Walker filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [R. 24]. As grounds for the motion, he alleges that his trial counsel was constitutionally ineffective for: (1) failing to prepare for trial and pressuring him into believing

that a guilty plea was his only option, (2) failing to read, review, and examine with him the Pre-sentence Investigation Report [PSR], and (3) failing to object to inaccuracies in the PSR.  [R. 30 at 9, 16, and 30].  On May 11, 2009, the United States moved to dismiss Walker's § 2255 petition on the ground that, pursuant to the plea agreement, he waived his right to collaterally attack his guilty plea, conviction, and sentence.  [R. 29].  The parties having briefed the relevant issues, the matter is ripe for review.

### III.  STANDARD OF REVIEW

To obtain habeas relief under 28 U.S.C. § 2255, a prisoner must demonstrate that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack..."  28 U.S.C. § 2255(a).  Here, the basis for Walker's § 2255 motion is constitutional error.  To succeed on a § 2255 motion asserting constitutional error, he "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."  Watson v. U.S., 165 F.3d 486, 488 (6th Cir. 1999) (citing Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993)).

### IV.  ANALYSIS

The United States urges the Court to dismiss Walker's § 2255 petition on the ground that, pursuant to the plea agreement, he waived his statutory right to seek post-conviction relief.  [R. 29].[1]

The Sixth Circuit has held that plea agreement waivers of § 2255 rights are generally enforceable.  See Davila v. U.S., 258 F.3d 448, 450 (6th Cir. 2001) (citing Watson v. U.S., 165 F.3d

---

[1] The plea agreement expressly provided that "[t]he Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution."

486, 489 (6th Cir. 1999)).  However, the Court instructed in In re Acosta, 480 F.3d 421, 422 (6th Cir. 2007) that a collateral attack waiver generally does not bar review of claims "that go to the very validity of a guilty plea."  Acosta, 480 F.3d, at 422.  Thus, "[c]aims that a guilty plea was not knowing and voluntary, or was the product of ineffective assistance of counsel...generally cannot be waived."  Id., n. 2.

Walker's habeas petition contains two claims that challenge the validity of his collateral attack waiver and which, pursuant to Acosta, cannot be waived:  (1) that his guilty plea was the product of ineffective assistance of counsel, and (2) that his waiver was not knowing and voluntary. [R. 30 at 9, 13].  These claims will be addressed in turn.

**(A)    Ineffective Assistance of Counsel Claim**

Walker argues that his trial counsel was constitutionally ineffective for pressuring him into entering a guilty plea.  [R. 30 at 9].  Specifically, he contends that he did not benefit from the plea agreement because "he would have faced the same statutory sentence had he proceeded to trial and been found guilty."  [Id. at 13].

The Supreme Court held has held that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel.  Hill v. Lockhart, 474 U.S. 52, 58 (1985).  To prevail on an ineffective assistance of counsel claim in the context of a guilty plea, a defendant must first demonstrate that his counsel's performance was deficient.  Id. at 59.  This requires the defendant to show that "counsel's representation fell below an objective standard of reasonableness."  Strickland, 466 U.S. 668, 687 (1984).  Second, the defendant must demonstrate that the deficient performance prejudiced the defense.  Hill, 474 U.S., at 59.  This requires the defendant to show that "there is a reasonable probability that, but for counsel's errors, he would not

3

have pleaded guilty and would have insisted on going to trial." Id.

Walker's ineffective assistance claim fails because he does not establish that his trial counsel was deficient for recommending that he enter a guilty plea. In exchange for his plea of guilty, Walker received a three-level reduction of his offense level for acceptance of responsibility [see R. 27 at 13], which reduced his advisory guideline range from 110-137 months imprisonment to 84-105 months. In addition, he received a downward departure from the sentencing guidelines by virtue of a 5K motion filed by the Government. [Id. at 14-27; see also R. 17]. As a result of the foregoing adjustments, Walker's sentence was sixty-six (66) months imprisonment - forty-four (44) months less than the 110-month minimum of the advisory guideline range. [see R. 21 at 2]. Thus, his contention that he received no benefit from the plea agreement is patently meritless.

Likewise, Walker's assertion that his trial counsel was deficient for failing to communicate with him and making "false promises regarding sentence length" [see R. 30 at 12-13] is unavailing. Walker offers no specific facts or evidence to support his claim. Accordingly, it is insufficient to establish ineffective assistance of counsel. See Rodriguez v. Tombley, 2010 WL 120222, No. 2:06-cv-11795, at *7 (E.D.Mich., Jan. 8, 2010) ("Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief.") (unpublished) (citing Workman v. Bell, 178 F.3d 759, 771 (6th Cir. 1998)).

**(B)      Whether the Collateral Attack Waiver was Knowing and Voluntary**

Walker argues, in a rather conclusory fashion, that his collateral attack waiver was not knowing and voluntary. [R. 30 at 13-15]. Specifically, he claims that he was "confused" and that "the terms of the waiver were uncertain." [Id.].

The record refutes Walker's claims. The plea agreement, which Walker signed, specifically

4

provided that he waived the right to appeal or collaterally attack his guilty plea, conviction, and sentence. Moreover, it provided that "[Walker's] attorney has fully explained this Agreement to him, and that his entry into this Agreement is voluntary."

Finally, the record reflects that at Walker's re-arraignment, the Court went to great lengths to explain the nature of the waiver provision and Walker indicated that he understood its terms. For purposes of illustration, the following colloquy took place:

> THE COURT: Two additional paragraphs I want to ask you about in this plea agreement, Mr. Walker. Paragraph number 8 indicates that you will waive your right to appeal and the right to attack collaterally the guilty plea, conviction and sentence, including any order of restitution. Have you spoken with Mr. McCoy about that waiver in paragraph 8?

> THE DEFENDANT: Yes.

> THE COURT: Mr. McCoy, just so everybody is on the same page, when it says "waives the right to appeal and attack collaterally the sentence," would that include any specific offense characteristics that the Court might find would be applicable in this case? Like let's say, for instance, there's a recommendation that there be a two-level enhancement based upon the fact that the firearm was stolen. You object and I overrule that objection. Would the waiver in paragraph 8 cover that?

> MR. McCOY: I don't think so, no.

> THE COURT: You don't think so?

> MR. McCOY: No.

> THE COURT: Well, then, it's not a waiver of the sentence, is it?

> MR. McCOY: State that for me again.

> THE COURT: There's a lot of law coming out of the circuit on waivers, and paragraph 8 says that your client is waiving his right to appeal and the right to attack collaterally the guilty plea, conviction and sentence. Now, when it says "and sentence," that ordinarily includes anything regarding the sentence. Is that your understanding?

> MR. McCOY: That's my understanding.

5

THE COURT:  Is that your understanding, Mr. Walker?

THE DEFENDANT:  Yes, sir.

THE COURT:  Okay. Yours as well, Mr. Taylor?

MR. TAYLOR:  Yes.

THE COURT:  All right. The right to attack collaterally, that's a separate right that you may have under some limited circumstances, Mr. Walker, to file what's generally referred to as a 2255 or a motion to vacate, post-conviction motion later. Do you understand that the waiver in paragraph 8 will ordinarily prohibit you from filing that motion later, that type of post-conviction motion?

THE DEFENDANT:  Yes, sir.

THE COURT:  Have you spoken with Mr. McCoy about that as well?

THE DEFENDANT:  I'd like to.

THE COURT:  Go ahead.

(Mr. McCoy and the defendant conferred.)

MR. McCOY:  Just for the record, I explained to him that when he gives this up, he gives up his right to appeal his conviction in this matter, and he can't later attack the conviction, saying, I didn't do that voluntarily. And that whatever term you give him, if it is within the guidelines or if you depart from the guidelines, he waives the right to attack that.

THE COURT:  Well, he waives his right to attack the conviction and sentence, which would include the post-conviction motion. I think he wants to ask you a little bit about that.

(Mr. McCoy and the Defendant conferred.)

MR. McCOY:  He understands, Your Honor.

THE COURT:  You understand that, sir?

THE DEFENDANT:  Yes.

[R. 26 at 15-17].

The Supreme Court has instructed that "[t]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings," and that "[s]olemn declarations in open court carry a strong presumption of verity."  Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  Walker indicated at his re-arraignment that he understood the terms of the waiver provision, and nothing in the record suggests otherwise.  Accordingly, his argument that his waiver was not knowing and voluntary fails.

For the reasons stated *supra*, the Court finds that Walker knowingly and voluntarily waived his right to collaterally attack his conviction and sentence, and thus he may not obtain § 2255 relief.  Accordingly, the Court will not address the remainder of his claims.

**(C)    Evidentiary Hearing**

 In his § 2255 motion, Walker requests an evidentiary hearing.  [see R. 30 at 24].  The Court finds that such a hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Walker] is entitled to no relief."  28 U.S.C. § 2255(b).  Therefore, Walker's request is denied.

V. CONCLUSION

Accordingly, and for the reasons set forth above, it is recommended as follows:

(1)    Walker's Motion to Vacate, Set Aside, or Correct Sentence [R. 24] be DENIED.

(2)    The United States' Motion to Dismiss Walker's § 2255 Petition [R. 29] be GRANTED.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261

7

F.3d 628, 632 (6th Cir. 2001); <u>Bituminous Cas. Corp. v. Combs Contracting Inc.</u>, 236 F. Supp. 2d

737, 749-750 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation

are insufficient to preserve the right to appeal.  <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir.

2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995).  A party may file a response to another

party's objections within fourteen (14) days after being served with a copy thereof.  28 U.S.C. §

636(b)(1)(C); Fed. R. Civ. P 72(b).

Signed March 8, 2010.

**Signed By:**

_**Edward B. Atkins**_   _ЄBA_

**United States Magistrate Judge**